UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEANDRE CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:23-cv-02737-GCS |
| | ) | |
| ZION PIERCEFIELD, | ) | |
| | ) | |
| Defendants, et al., | ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

On July 22, 2024, Defendants filed their motion for summary judgment on the issue of exhaustion of administrative remedies. (Doc. 24, 25, 26, 27, 28). Pursuant to Local Rule 7.1(b)(1)(A), Plaintiff had thirty days from the date of service to file a response to the motion. *See* SDIL-LR 7.1(b)(1)(A). As Plaintiff did not respond to the motion within thirty days, the Court, on September 9, 2024, allowed Plaintiff up to and including October 9, 2024, to file a response to the motion for summary judgment. (Doc. 29). Plaintiff did not respond to the motion. Thus, the Court issued a Show Cause Order directing Plaintiff to respond in writing why his case should not be dismissed with prejudice for failure to prosecute the case on or before November 5, 2024. (Doc. 30). Also, in the Show Course Order, the Court noted Plaintiff's repeated failure to inform the Court of his change of

Page **1** of **5**

address as required by previous Court Orders. *Id.* As of this date, Plaintiff has not responded to the Show Cause Order.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In dismissing a case for lack of prosecution, the Seventh Circuit has indicated that a district court commits legal error "when it dismisses a suit 'immediately after the first problem, without exploring other options or saying why they would not be fruitful.'" *Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013) (quoting *Johnson v. Chicago Bd. of Educ.*, 718 F.3d 731, 732-733 (7th Cir. 2013)). The Seventh Circuit has suggested that in addition to warning the plaintiff, the court must consider essential factors such as "the frequency and egregiousness of the plaintiff's failure to comply with other deadlines, the effect of the delay on the court's calendar, and the prejudice resulting to the defendants." *Id.* (citing *Kruger v. Apfel*, 214 F.3d 784, 786-787 (7th Cir. 2000)).

Here, Plaintiff failed to follow Court Orders by not informing the Court of his change of address, (Doc. 6, 8), failed to respond to the motion for summary judgment, (Doc. 24), and failed to respond the Court's October 15, 2024, Show Cause Order. (Doc. 30). The Court has approximately 140 cases on its docket, and if the Court permits this case to drag on further waiting for Plaintiff to respond, it will detrimentally impact the efficient and timely handling of its other cases. Accordingly, the Court **DISMISSES with**

**prejudice** this action pursuant to Rule 41(b). *See* FED. R. CIV. PROC. 41(b); *see generally James*

*v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). The case is **CLOSED**, and the Clerk

of Court is **DIRECTED** to enter judgment accordingly.

In an abundance of caution, and noting Plaintiff's *pro se* status, the Court informs

Plaintiff as follows. Plaintiff has two means of contesting this order: he may either request

this Court review this order, or he may appeal the order to the Seventh Circuit Court of

Appeals.

If Plaintiff chooses to request this Court to review the order, he should file a motion

to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Plaintiff *must*

file the motion within twenty-eight (28) days of the entry of judgment; the deadline *cannot*

be extended. *See* FED. R. CIV. PROC. 59(e); 6(b)(2). The motion must also comply with Rule

7(b)(1) and state with sufficient particularity the reason(s) that the Court should

reconsider the judgment. *See Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v.*

*Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue*

*v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) (stating that a party must

establish either manifest error of law or fact, or that newly discovered evidence precluded

entry of judgment in order to prevail on a Rule 59(e) motion) (citation and internal

quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 30-

day clock for filing a notice of appeal will be tolled. *See* FED. R. APP. PROC. 4(a)(4). The

clock will start anew once the undersigned rules on the Rule 59(e) motion. *See* FED. R. APP.

PROC. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). However, if the Rule 59(e) motion is filed outside the

28-day deadline or "completely devoid of substance," the motion will not toll the time

for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v.*

*CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor,* 556 F.2d 818, 819–

820 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by

Plaintiff showing excusable neglect or good cause.

In contrast, if Plaintiff chooses to go straight to the Seventh Circuit, he must file a

notice of appeal from the entry of judgment or order appealed from *within 30 days*. *See*

FED. R. APP. PROC. 4(a)(1)(A) (emphasis added). The deadline can be extended for a short

time only if Plaintiff files a motion showing excusable neglect or good cause for missing

the deadline and asking for an extension of time. *See* FED. R. APP. PROC. 4(a)(5)(A), (C).

*See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and

excusable neglect standards); *Abuelyaman v. Illinois State University*, 667 F.3d 800, 807 (7th

Cir. 2011) (explaining the excusable neglect standard).

Plaintiff may appeal to the Seventh Circuit by filing a notice of appeal in this Court.

*See* FED. R. APP. PROC. 3(a). The current cost of filing an appeal with the Seventh Circuit

is $605.00. The filing fee is due at the time the notice of appeal is filed. *See* FED. R. APP.

PROC. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a

motion for leave to appeal *in forma pauperis* ("IFP motion"). *See* FED. R. APP. PROC. 24(a)(1).

The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R.

APP. PROC. 24(a)(1)(C).

**IT IS SO ORDERED**.

**DATED: November 8, 2024.**

Gilbert C Sison    Digitally signed by Gilbert C Sison Date: 2024.11.08 09:28:54 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**